UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x    Chapter 13

In Re

Henya Ehrlich                                          Case No. 24-22508 (CGM)

        Debtor

-------------------------------------------------x

## **BRIEF IN FURTHER SUPPORT OF MOTION FOR SANCTIONS**

COMES NOW JOSHUA N. BLEICHMAN, attorney for the Debtors, and submits this brief in further support of the motion for sanctions as follows:

      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(1) as the Debtor's Motion for Contempt for violation of the discharge injunction arises under Title 11, § 524(a).

      Under section 362(a) of the Bankruptcy Code, the filing of a petition creates a broad automatic stay protecting the property of the debtor. This provision "has been described as 'one of the **fundamental debtor protections** provided by the bankruptcy laws. "Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 505, 88 L. Ed. 2d 859, 106 S. Ct. 755 (1986) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). The automatic stay extends to virtually all formal and informal actions against property of the bankruptcy estate. It is intended to "stop all collection efforts, all harassment, and all foreclosure actions." S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5840. The automatic stay "is effective upon the date of the filing of the petition and formal service of process will not be required." 2 Collier on Bankruptcy para. 362.05 (15th ed. 1988) Actions taken in violation of the automatic stay are void, even if the creditor had no notice of the stay. See Borman v. Raymark Indus., Inc., 946 F.2d 1051, 1055 (3d Cir. 1991) ("[T]he automatic stay was intended to apply to actions that do not necessarily involve property of the estate."). In re Advent Corp., 27 Bankr. 612 (Bankr. 1st Cir. 1982) para. 362.05 ("In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay.").

The stay was enacted by Congress and applied consistently in this jurisdiction to protect the debtor by "allowing it breathing space and also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others".  Treasurer of Snohomish Co., Wash. v. Seattle First Nat'l Bank (In re Glasply Marine Indus.), 971 F.2d 391, 394-95 (9th Cir. 1992); In re Stringer, 847 F.2d at 551. In this circuit, actions taken in violation of the automatic stay are void rather than voidable.

The automatic stay is SUPPOSED to give the debtor time to attempt repayment or reorganization. Repayment and reorganization cannot occur if they don't have a home. Thus, the injunction on creditor collection efforts imposed by the stay is **so crucial** to the bankruptcy process that "acts in violation of the automatic stay are void ab initio." See e.g., In re Schwartz, 954 F.2d 569, 574 (9th Cir. 1992); Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991); In re Calder, 907 F.2d 953, 956 (10th Cir. 1990); In re Smith, 876 F.2d 527, 525-526 (6th Cir. 1989); In re 48th Street Steakhouse, 835 F.2d 427, 431 (2d Cir. 1987), cert. denied, 485 U.S. 1055, 108 S. Ct. 1596, 99 L. Ed. 2d 910 (1988); In re Young, 14 Bankr. 809, 811 (Bankr.N.D.Ill. 1981).

A principal purpose of this provision is to preserve property for use in the reorganization of the debtor and to prevent the dismemberment of the estate. Continental Air Lines, Inc. v. Hillbloom (In re Continental Air Lines, Inc.), 61 Bankr. 758, 779 (SD Tx. 1986) (quoting legislative history); The Official Committee of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines, 114 Bankr. 27, 29 (SDNY), aff'd 119 Bankr. 430 (SDNY 1990).

Where through an action an individual or entity would exercise control over property of the estate, that party must obtain advance relief from the automatic stay from the bankruptcy court. Carroll v. Tri-growth Centre City Ltd. (In re Carroll), 905 F.2d 1266, 1270-71 (9th Cir. 1990).

"An individual injured by any willful violation of a stay provided by this section **shall** recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362(k)(1).

Any deliberate act taken in violation of a stay, which the violator knows to be in existence, justifies an award of actual damages. An additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages pursuant to 11 U.S.C. §362(h). This standard encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violation of an automatic stay, and thereby protects debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations. Crysen/Montenay Energy Co. v. Esselen Assoc. (Crysen/Montenay Energy Co.), 902 F.2d 1098, 1105 (2d Cir. 1990).

Robertson, Anschutz, Schneid, Crane & Partners, PLLC and FIFTH THIRD BANK NA, had actual knowledge of the filing, from the very beginning.

Sanctions for this egregious violation "shall" be imposed upon Robertson, Anschutz, Schneid, Crane & Partners, PLLC and FIFTH THIRD BANK NA, pursuant to 362(k). They willfully violated the stay and must incur actual and punitive damages of not less than $25,000.00.

Bankruptcy courts may appropriately use their civil contempt power under § 105(a) to order monetary relief in the form of actual damages, including attorney's fees, and punitive damages for violation of the discharge injunction. Bessette v. Avco Fin. Servs., 230 F.3d 439, 445 (1st Cir. 2000) (collecting cases); 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."). To award attorney's fees, there is no requirement in the Second Circuit for the violator to have acted willfully. N. Am. Oil Co. v. Star Brite Distrib., 14 F. App'x 73, 75 (2d Cir. 2001) ("We decline to resolve the willfulness question at this stage.") (comparing King v. Allied Vision, Ltd., 65 F.3d 1051, 1063 (2d Cir. 1995) ("In order to award fees, the district court had to find that [the defendant's] contempt was willful."), with Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996) ("While willfulness may not necessarily beJuly 28, 2024  a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them.")).

Courts have taken two different approaches as to whether §362 applies to property of the estate versus property of the debtor. In what has been described as a minority view, some courts have concluded that 362(c)(3)(A) terminates the automatic stay in its entirety, i.e., with respect to both the debtor and property of the estate. These courts, such as In re Curry, 362 B.R. 394, 400-01 (Bankr.N.D.Ill.2007), reason that the term "with respect to the debtor" is ambiguous because it runs contrary to the larger statutory scheme. They reason that the term "property of the estate" incorporates virtually all property. Only property that is abandoned or exempt is otherwise excluded from the definition "property of the estate." Therefore, they state "with respect to the debtor" is interpreted to only refer to the debtor and the debtor's property, then the rest of the sentence which reads "the stay * * * with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate" does not make sense and the phrase is superfluous.

The origins of what finally became §362(c)(3)(A), In re Daniel, 404 B.R. 318 (Bankr.N.D.Ill.2009) the court concluded reasonably that this provision "was intended to stop the bad faith successive filing of bankruptcy cases from interfering with real estate foreclosures. This purpose would not be advanced by a provision that left the stay in effect as the debtor's pre-bankruptcy real estate." In no sense, can the prior case or the instant case be deemed bad faith filings. Both the prior case and the instant case, the Debtor demonstrates abundant good faith in making ALL mortgage payments, Trustee payments, filing full complete petition and schedules and filing all required forms.

Ross v. Select Portfolio Servicing, Incorporated, 945 F.3d 226 (5th Cir.2019), adopted the majority rule. Based on "the plain language of the provision and the context of the provision within §362," the Court concluded that "§362(c)(3)(A) terminates the stay only with respect to the debtor." Aside from the fact that the court deemed the language in Section 362(c)(3)(A) to be clear, it also noted that Section 362(c)(3)(A) could not be read in isolation. Rather, it must be read in conjunction with Section 362(a), which defines the scope of the automatic stay. *Id.* at 230. Citing to In re Smith, 910 F.3d 576, 580 (1st Cir.2018), which states Section 362(a) "operates as a stay of

certain actions in three categories: against the debtor, the debtor's property, and property of the bankruptcy estate." *Id.*

After recognizing that Section 362(a) operates as a stay as to certain actions in three separate categories, the Court stated that "the language in "§362(c)(3)(A) becomes clear, with Congress stating in "§362(c)(3)(A) that "'the stay under [§362(a)] * * * shall terminate *with respect to the debtor.*' There is no mention of the bankruptcy estate, and we decline to read in such language." *Id.* The court then state "Congress knew how to terminate the *entire* stay, and in fact did so in the very next section of the statute." "§362(c)(4)(A)(i) – which discusses debtors who have had two or more cases pending in the prior year – does not include the limiting language in "§362(c)(3)(A). It merely states that "the stay under subsection (a) shall not go into effect upon the filing of the later case." WHEREFORE, it respectfully demanded that the Court void the sale and impose sanctions for violation of §362 as the Court may determine.

Respectfully,

DATED: June 24, 2024
      Spring Valley, NY

/s/ Joshua N. Bleichman
Joshua N. Bleichman
Law Office of Bleichman & Klein
Attorneys for Debtor
117 South Main St
Spring Valley, NY  10977
(845) 425-2510